Frank SACHE et al., Appellants,

v.

Arvin BEAMS et al., Appellees.

Court of Appeals of Kentucky.

Aug. 12, 1960.

Clyde Williams, Jr., Campbellsville, Gene M. Gardner, Duncan, Okl., for appellants.

Shuffett & Butler, Greensburg, Richardson, Barrickman & Dickinson, Glasgow, for appellees.

CLAY, Commissioner.

This is an appeal from a default judgment rendered against appellant defendants.

■ In a suit brought by appellee plaintiffs to determine the rights of the parties in an oil and gas lease the defendants were summoned by constructive service. Under CR 4.08 and 12.01 a constructively summoned defendant is required to answer within 50 days after the entry of the warning order. Defendants were a day late under these Rules when they served and tendered their answer. They thereafter moved the court to extend the time for filing the answer, which motion was overruled. The trial court thereupon found defendants in default and entered a judgment for the plaintiffs without permitting the defendants to defend or to try their counterclaim.

■ We are at a loss to understand how plaintiffs' counsel and the trial court could ignore the provisions of CR 4.10. It provides: "If service is constructive the defendant shall be permitted to defend before judgment upon application to the court * * *." As noted in Clay, Rule 4.10, Author's Comment (page 46), this Rule "has the effect of enlarging the period required to answer for this class of defendants if such privilege is sought."

It is difficult to misconstrue the language or purpose of CR 4.10. Because constructive service procedure does not insure that the defendant will receive timely actual notice of a proceeding against him, he is allowed additional protection in the form of an absolute right to appear and defend the action at any time before judgment.

CR 4.10 was amended, effective June 1, 1960, but retains this same special privilege. The amended Rule provides a constructively summoned defendant "shall be permitted to defend at any time before judgment even though in default." This language states in unequivocal terms exactly what the original Rule, based on Civil Code Section 408, was designed to authorize.

■ A plaintiff may proceed to obtain a default judgment against a constructively summoned defendant after 50 days from the entry of the warning order if such defendant has not appeared in the action. The right of the plaintiff to judgment, however, is subject to the right of the defendant to remove the default by appearing to defend before judgment.

Certainly the tender of the answer and the motion of the defendants to file it after the 50-day period was a proper "application to the court" required by CR 4.10 prior to the 1960 amendment.

The judgment against appellants was premature and violated their rights under CR 4.10. The court should have permitted the filing of defendants' pleading and the case should have proceeded in normal course.

We have heretofore overruled a motion to dismiss the appeal on the ground that a sufficient jurisdictional amount was not shown. It was and is our opinion that a tendered pleading, even though the court does not permit it to be filed, still constitutes one of the "pleadings" to which we may look in ascertaining the amount in controversy under KRS 21.070.

The judgment is reversed.