**Barney ELLIOTT, d/b/a Callas Grill,
Appellant,**

v.

**Betty DOWELL, Appellee.**

Court of Appeals of Kentucky.

March 10, 1967.

Rehearing Denied Dec. 1, 1967.

Jerry W. Nall, Nall & Stephens, Owensboro, for appellant.

Robert L. Gwin, Gwin & Iler, Owensboro, for appellee.

HILL, Judge.

This is an appeal by the appellant-employer from a judgment for $371.43 and a $100 attorney fee in appellee-employee's suit filed pursuant to KRS 337.360 to recover minimum wages under a mandatory order issued by the Kentucky Department of Labor effective August 1, 1962.

First we discuss a procedural question. The complaint sought a recovery of $800. By amended answer and counterclaim, tendered two days before the trial, appellant undertook to join a third party and to recover $20,000 against the appellee and the third party. The court overruled appellant's motion to file the amended answer and counterclaim, and we think properly so. It was alleged therein that one William M. Cart, an employee of the Department of Labor, encouraged and persuaded the appellee to file her suit. It came too late. It is concluded the trial judge did not abuse his discretion in overruling appellant's motion to file amended answer.

It was held by this court in Sache v. Beams, Ky., 337 S.W.2d 678, 680 (1960) that, "a tendered pleading, even though the court does not permit it to be filed, still

constitutes one of the 'pleadings' to which we may look in ascertaining the amount in controversy under KRS 21.070."

Next it is insisted by appellant that the complaint did not state a cause of action upon which relief could be granted. A number of cases have been cited by appellant in support of this position, but it is to be noted they were rendered before the adoption of CR 8.01, which provides:

"A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled."

■ It is alleged in the complaint that appellee was employed from August 1, 1962, until December 1963 as a waitress in the appellant's place of business in Owensboro, Kentucky; that she was paid for said work only sixty cents per hour for a "period of time" and only sixty-five cents per hour for a "period of time," in violation of the mandatory order. Under recent liberal rules, we conclude the allegations of the complaint were adequate.

The instructions are questioned on the grounds that the pleadings do not properly support them. Here again the sufficiency of the pleadings is brought into question, which we have heretofore determined to be sufficient. The evidence fully justified the instructions given by the court.

Finally the appellant contends that appellee did not meet the burden of proof by showing that the mandatory order was in force at the time of the trial. In discussing the effective date of the order in question, it was said in Gering v. Brown Hotel Corporation, Ky., 396 S.W.2d 332, 337 (1965) that:

"From our discussion above, it is clear the trial court neither undertook nor possessed the power to alter the effective date of the wage order in controversy.

When it affirmed such wage order and this Court affirmed that judgment, the order constituted the law beginning August 1, 1962."

\* \* \*

"There is no ground upon which we could annul the rights of employees acquired under that order."

 This court is required by KRS 13.105 to take judicial notice of "regulations" of the Department of Labor when properly formulated, advertised, and recorded. The order in question is found in Kentucky Administrative Regulations Service, Volume III, Labor 30 and appears regular on its face.

The judgment is affirmed.

All concur.