**C. Lester PAUL, Appellant,**

v.

**Stanley BUTLER and wife, Maxine Butler, Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1977.

David R. Choate, Hicks & Choate, Albany, for appellant.

Thomas E. Carroll, Lovelace & Carroll, Albany, for appellees.

Before HOGGE, HAYES and LESTER, JJ.

HOGGE, Judge.

This case is an appeal from a Default Judgment entered in favor of the appellees, plaintiffs below.

The determinative issue in this case involves a question of a civil rule construction. Does CR 4.10 require that a motion for an extension of time be filed with the court before the court will permit a party to defend under the provisions of that rule?

On January 6, 1975, appellees filed suit against the appellant. Constructive service of process was achieved upon the appellant by warning order attorney. It is not clear why constructive service was the proper means of achieving jurisdiction, since the appellant was a resident of Taylor County, Kentucky. Due to problems in determining the appellant's actual address, he did not receive actual notice of the suit against him for several months after the filing of same.

On March 7, 1975, the trial court granted to the appellees a Default Judgment. That judgment was not, however, entered in the docket book until April 5, 1975. Also on April 5, 1975, but earlier in the day, the appellant filed an answer with the court. The judgment, even though signed, was not effective until it was entered into the docket book on April 5th. CR 79.01 and CR 58. On May 7, 1975, the trial court entered an order overruling the appellant's motion to file an answer and to set aside judgment.

In that order, the court stated that "the answer of the Defendants was not properly before the Court at the time the judgment was entered by the Clerk because of failure to obtain permission to file it." The appellant contends that CR 4.10 does not require that one defending under the provisions thereof make application to the court before he may appear and defend the action.

Prior to its amendment in 1960, CR 4.10 stated in part: "If service is constructive the defendant shall be permitted to defend before judgment *upon application to the court* . . . ." [Emphasis ours.] In an appeal arising under the pre-1960 rules, where the defendant submitted his answer after the expiration of the period in which he was allowed to file his answer and he thereafter made a motion to extend the time for filing his answer, the court stated:

> It is difficult to misconstrue the language or purpose of CR 4.10. Because constructive service procedure does not insure that the defendant will receive timely actual notice of a proceeding against him, he is allowed additional protection in the form of an absolute right to appear and defend the action at any time before judgment.

*Sache v. Beams,* Ky., 337 S.W.2d 678, 679 (1960).

As amended, CR 4.10 now reads in part: "A party before the court by constructive service . . ., shall be permitted to defend at any time before judgment . . ." Thus, the basic effect of the amendment was to eliminate the requirement that the party seeking to defend the action make "application to the court."

Furthermore, the words, "shall be permitted" are mandatory and leave the court no discretion in whether or not the defendant shall be allowed to appear and defend the action. Thus, it would be meaningless to require that the defendant apply to the court for permission to appear and defend, when CR 4.10 clearly grants him an absolute right to do so. Accordingly, granting of the Default Judgment was error, and this action is remanded for proceedings consistent with this opinion.

Judgment reversed.

All concur.